IN RE: COMCAST CORP. EMPLOY-
EE WAGE AND HOUR EMPLOY-
MENT PRACTICES LITIGATION

MDL No. 2710

United States Judicial Panel on
Multidistrict Litigation.

June 2, 2016

Before Sarah S. Vance, Chair, Charles R. Breyer, Ellen Segal Huvelle, R. David Proctor, Judges of the Panel.

## ORDER DENYING TRANSFER

Sarah S. Vance, Chair

**Before the Panel:**[*] Plaintiffs in all actions move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Northern District of California. The litigation consists of nineteen actions, listed on Schedule A, that pose the question of whether California Comcast technicians were properly compensated for meal and rest breaks while on call. Comcast defendants[1] support centralization in the Northern District of California.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary to serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. These actions without doubt share some factual questions. Plaintiffs assert, *inter alia*, that they were not provided legally-mandated meal periods and rest breaks because they (1) were required to monitor and remain in communication at all times, even if they were able to clock out on a rest break or meal period, and (2) they were frequently forced to work through their rest breaks and meal periods due to work load and the directives of their management. The actions were filed in

---

[*] Judges Marjorie O. Rendell, Lewis A. Kaplan, and Catherine D. Perry did not participate in the decision of this matter.

1. Comcast Cable Communications Management, LLC, which it contends was erroneously sued as Comcast Corp. and Comcast of Contra Costa, Inc.

various California state courts in October and November 2014 allegedly in response to the decertification of a 2008 California state court class action (*Fayerweather*) that covered their claims. Defendant Comcast removed these cases to federal court in September and October 2015.

■ Despite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases. Our past decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L.2011). These options include transfer pursuant to 28 U.S.C. § 1404,[2] as well as voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. In these circumstances, where the actions are pending before three judges in adjacent districts and the parties are represented by common counsel, either of these alternatives is preferable to centralization.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2710 — **IN RE: COMCAST CORP. EMPLOYEE WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**

Central District of California

2. As all parties agree to Section 1407 centralization in the Northern District of California, we are of the opinion that they should be able to agree to a voluntary transfer of all actions, under Section 1404, to that district. Indeed, transfer via Section 1404 carries benefits unavailable to parties transferred via Section 1407. *See In re: Gerber Probiotic Products Mktg. & Sales Pracs. Litig.*, 899 F.Supp.2d 1378, 1380 (J.P.M.L.2012) ("[T]ransfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the trans-

ZIMMERMAN, ET AL. v. COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, ET AL., C.A. No. 2:15–08224

Eastern District of California

LANDIN, JR., ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15–01416

HALL v. COMCAST OF CONTRA COSTA, INC., ET AL., C.A. No. 1:15–01484

FLORES, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15–01521

DAVIS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15–01544

GRIMES, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 1:15–01596

MCBRIDE, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15–01965

ELKINS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15–02075

PAEZ, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15–02149

COOK, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15–02152

HUFFMAN, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 2:15–02186

Northern District of California

feror court that is required under Section 1407. This alone produces significant advantages. It allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded. On the other hand, Section 1407 remands can involve motions practice and may require transferor courts to spend time to re-familiarize themselves with the actions.").

CANADAY, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04648

ORTEGA, JR., ET AL. v. COMCAST, ET AL., C.A. No. 4:15–04676

WILLIAMS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04732

VALENCIA, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04771

COLEMAN, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04782

NELSON, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04793

DUBOIS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04809

PETERS, ET AL. v. COMCAST CORPORATION, ET AL., C.A. No. 4:15–04869